UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rahmad Norman,<br><br>                    Plaintiff,<br><br>vs.<br><br>Angie Woodhurst; Betty Page; Betty Ozuts; Jane Harvey; Sammie Hill,<br><br>                    Defendants. | ) C/A No. 8:14-435-TMC-BM<br>)<br>)<br>)<br>) **REPORT AND RECOMMENDATION**<br>)<br>)<br>)<br>)<br>) |

The Plaintiff, Rahmad Norman, a frequent filer of litigation in this Court proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that the Defendants violated his constitutional rights.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and § 1915A, the Prison Litigation Reform Act, Pub.L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992), *Neitzke v. Williams*, 490 U.S. 319 (1989), *Haines v. Kerner*, 404 U.S. 519 (1972), *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951 (4th Cir. 1995), and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a *pro se* complaint to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).

However, even when considered pursuant to this standard, for the reasons set forth herein below, this case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (outlining pleading requirements under the Federal Rules of Civil Procedure).

## Discussion

Angie Woodhurst is the Clerk of Court, Betty Page is the Assistant Clerk of Court/Child Support Supervisor, and Jane Harvey works in child support for Greenwood County, South Carolina. *See* Greenwood County website, available at http://www.greenwoodsc.gov/countywebsite/index.aspx?page=322 (last visited June 16, 2014).[1] In previous actions,[2] Plaintiff has identified Sammie Hill as a deputy sheriff with the Greenwood County Sheriff's Department and Betty Ozuts as a child support worker for Greenwood County. *See Norman v. Hill*, 8:14-cv-00434-TMC-BM (D.S.C.); *Norman v. Tunstall*, Civil Action No. 9:09-cv-01890-PMD (D.S.C.).

Plaintiff alleges that his equal rights have been violated based on the manner in which he was treated in a state court child support case. He claims that the state court "will not force the

---

[1] The Court may take judicial notice of factual information located in postings on government web sites. *See Williams v. Long*, 585 F.Supp.2d 679, 687-88 (D. Md. 2008) (noting that some courts have found postings on government web sites as inherently authentic or self-authenticating).

[2] This Court may take judicial notice of Plaintiff's prior civil actions. *See Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

2

mot[h]er of [his] son to update her address so that [he] can serve her legal summons to come to court[.]" Complaint, ECF No. 1 at 3. Plaintiff asserts that the state court has issued papers stating that all parties are to keep the court updated on any change of address, that he was arrested pursuant to bench warrants for allegedly failing to timely notify the court of his new address, but that when he tried to serve the mother of his child with papers they came back with the notation that she no longer is at the listed address. He claims he asked "them" why the court did not force the mother of his child to comply with the judge's order and "they" said they did not know. *Id.* at 4. Plaintiff requests compensation for the "grief" and "emotional disasters" he has suffered. He also asks that this Court order an investigation into the practices of the state court system. *Id.* at 5.

## Abstention

First, to the extent Plaintiff is asking that this Court intervene in his pending state court action, this Court should abstain. The Supreme Court has held that a federal court should not interfere with ongoing state criminal proceedings "except in the most narrow and extraordinary of circumstances;" *Younger v. Harris*, 401 U.S. 37 (1971); *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir.1996); and has made clear that *Younger* abstention applies "as well to 'noncriminal judicial proceedings when important state interests are involved.'" *Harper v. Pub. Serv. Comm'n of West Va.*, 396 F.3d 348, 351 (4th Cir. 2005).

From *Younger* and its progeny, the Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics*

3

*Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432(1982)). The area of family law lies at the heart of state sovereignty. *Harper,* 396 F.3d at 354. Plaintiff can raise all of the issues he asserts in this case before the family court and, if necessary, during an appeal to the South Carolina appellate courts. Plaintiff should also have an adequate opportunity to raise any constitutional claims in the South Carolina court proceedings, and following this process will give the State courts the opportunity to review the family court's procedures. Accordingly, even though abstention doctrines are rare exceptions to a federal court's duty to exercise the jurisdiction conferred upon it, *Martin v. Stewart*, 499 F.3d 360, 363 (4th Cir. 2007), in this case the Court should abstain from deciding this lawsuit based upon *Younger* abstention.

### *Failure to state a claim*

Additionally, Defendants are entitled to summary dismissal of this action because Plaintiff's pleadings fail to provide any specific factual information to support a claim that any named Defendant has violated his constitutional rights. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(requiring, in order to avoid dismissal, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests'" (quoting Fed. R. Civ. P. 8(a)(2)). Plaintiff merely states that when he "ask the court why haven't they forced [the mother of his child] to comply with the judges order and they just look at me and say they don't know..." ECF No. 1 at 4. He has not referenced any of the named Defendants in the body of his Complaint, and has not alleged any specific claim against any named Defendant.

In order to proceed under § 1983, a plaintiff must affirmatively show that a defendant acted personally in the deprivation of his constitutional rights; *Vinnedge v. Gibbs*, 550 F.2d 926, 928



4

(4th Cir. 1977); and when a complaint contains no personal allegations against a defendant, that defendant is properly dismissed. *See Karafiat v. O'Mally*, 54 F. App'x 192, 195 (6th Cir. 2002); *Curtis v. Ozmint*, C/A No. 3:10-3053-CMC-JRM, 2011 WL 635302 at *4 n. 5 (D.S.C. Jan. 5, 2011); *Whaley v. Hatcher*, No. 1:08CV 125-01-MU, 2008 WL 1806124, at *1 (W.D.N.C. Apr.18, 2008). Since Plaintiff has failed to make any personal allegations against the Defendants named in the caption of this lawsuit, these Defendants are entitled to summary dismissal of the Complaint.

### Absolute Quasi-Judicial Immunity

Plaintiff's claims against Defendant Angie Woodhurst are also barred by the doctrine of absolute quasi-judicial immunity.[3] The purpose of absolute quasi-judicial immunity for those who perform quasi-judicial functions is "to protect their decision-making function from being impeded by fear of litigation or personal monetary liability;" *Crenshaw v. Bavnerd*, 180 F.3d 866, 868 (7th Cir.1999); and as the Fourth Circuit recognized in *Pope v. Chew*, 521 F.2d 400, 405 (4th Cir.1975), individuals cannot be sued for damages in a § 1983 case for actions stemming from the performance of quasi-judicial functions.

Here, Defendant Woodhurst, acting as the Clerk of Court for Greenwood County, is entitled to quasi-judicial immunity to the extent she was acting in her role as clerk, and her actions were "judicial act[s] ... having an integral relationship with the judicial process." *Wymore v. Green*, 245 F. App'x 780, 783 (10th Cir. 2007)(affirming district court's grant of absolute quasi-judicial immunity to the state court clerk, who allegedly refused to file the prisoner's court documents); *see also Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994)(extending absolute quasi-judicial immunity

---

[3] Absolute immunity "is an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

5

to non-judicial officers "performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune"); *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992)(extending immunity to a judge's subordinates performing "functions that are more administrative in character [that] have been undertaken pursuant to the [judge's] explicit direction"). Defendants Page, Ozuts, and Harvey are also entitled to absolute quasi-judicial immunity, which has been adopted and made applicable to court support personnel because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]'" *Kincaid v. Vail*, 969 F.2d at 601, quoting *Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir. 1989).

Absolute immunity is not pierced by allegations of corruption or bad faith, nor will a judicial officer "be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978); *see also Pierson v. Ray*, 386 U.S. 547 (1967), abrogated on other grounds by *Harlow v. Fitzgerald*, 457 U.S. 800 (1982). Hence, because absolute immunity is an immunity from suit, *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir.1985), Defendants Woodhurst, Page, Ozuts, and Harvey are entitled to summary dismissal of any claims for monetary damages in Plaintiff's Complaint.

In addition to immunity from monetary damages, Defendants Woodhurst, Page, Ozuts, and Harvey are also protected from Plaintiff's claims for injunctive relief. Section 309(c) of the Federal Courts Improvement Act of 1996, Pub.L. No 104–317, 110 Stat. 3847 (1996), amended § 1983 to bar injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity ... unless a declaratory decree was violated or declaratory relief was unavailable."



6

42 U.S.C. § 1983. Plaintiff does not allege that either of these prerequisites for injunctive relief were met. *See Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999) (barring injunctive relief against a quasi-judicial official); *Gilmore v. Bostic*, 636 F.Supp.2d 496, 506 (S.D.W.Va. 2009) (collecting cases).

### Eleventh Amendment Immunity

As for the Defendant Hill, it is well settled that a Sheriff in South Carolina is an arm of the State, and, as such, enjoys Eleventh Amendment Immunity in federal court when sued in his official capacity. *See Cromer v. Brown*, 88 F.3d 1315, 1331–32 (4th Cir.1996); *Cone v. Nettles*, 308 S.C. 109, 417 S.E.2d 523, 524–25 (S.C. 1992). This immunity extends to the Sheriff's Office, including the individual employees and deputy sheriffs of the Sheriff's Office. *See Gulledge v. Smart*, 691 F.Supp. 947, 954–55 (D.S.C. 1988) (concluding that a deputy sheriff is an agent of the State and entitled to Eleventh Amendment immunity). *See also Carroll v. Greenville County Sheriff's Dep't*, 871 F.Supp. 844, 846 (D.S.C. 1994) (suit against the sheriff's office is suit against the state).

Thus, Deputy Sheriff Hill, in his official capacity,[4] is immune from Plaintiff's claim for monetary damages under § 1983.[5] *See Smith v. Olanta Police Dep't*, C/A No.

---

[4]Plaintiff identifies all of the alleged misconduct of which he complains as having been perpetrated by the "Court" and due to decisions of the "Court". Plaintiff has not identified any conduct by any named Defendant as having been done in an individual, non-official capacity, which would be a separate theory of relief under § 1983.

[5]While the United States Congress can override Eleventh Amendment immunity through legislation, Congress has not overridden the states' Eleventh Amendment immunity in § 1983 cases. *See Quern v. Jordan*, 440 U.S. 332, 343 (1979). In addition, although a State may consent to a suit in a federal district court, *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99 & n. 9 (1984), the State of South Carolina has not consented to such actions. *See* S.C.Code Ann. § 15–78–20(e).

7

4:10–cv–02704–RBH, 2011 WL 780454, at *2 (D.S.C. Feb.28, 2011) (holding that sheriff's departments are immune from suit under the Eleventh Amendment).

### Availability of Requested Relief

Plaintiff appears to be requesting monetary damages for emotional distress. However, there is no federal constitutional right to be free from emotional distress, psychological stress, or mental anguish; hence, there is no liability for compensatory or punitive damages under § 1983 regarding such claims. *See Grandstaff v. City of Borger*, 767 F.2d 161 (5th Cir. 1985); *Rodriguez v. Comas*, 888 F.2d 899, 903 (1st Cir. 1989). This is true whether a plaintiff is a free citizen or an incarcerated individual. *See, e.g., Mitchell v. Cannon*, C/A No. 2:07–3259–PMD–BM, 2009 WL 824202, *18 (D.S.C. March 26, 2009); *Lynch v. Falsely*, C/A No. 3:09–81–CMC–JRM, 2009 WL 398073, *3 (D.S.C. Feb.17, 2009).

Finally, to the extent that Plaintiff may be asking that the mother of his child be prosecuted for failing to update her address with the state court, it is well settled that individuals such as the Plaintiff here have no constitutional right to, or in fact any judicially cognizable interest in, the criminal process or non-prosecution of another person. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)(A private citizen does not have a judicially cognizable interest in the prosecution or nonprosecution of another person); *Diamond v. Charles*, 476 U.S. 54, 64–65 (1986) (applying *Linda R.S. v. Richard D.* and collecting cases); *Collins v. Palczewski*, 841 F.Supp. 333, 340 (D.Nev.1993) ("Long ago the courts of these United States established that 'criminal statutes cannot be enforced by civil actions.'"). Therefore, this is not relief Plaintiff can obtain through prosecution of this lawsuit.



8

## Recommendation

Based on the foregoing, it is recommended that the Court dismiss Plaintiff's Complaint without prejudice and without issuance and service of process.

Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

June 24, 2014
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).



10